IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT OLSEN, | No. C 12-6333 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| CITY OF OAKLAND, *et al.*, | |
| Defendants. | |

The parties have submitted separate letter briefs regarding several discovery disputes. Docket No. 54 and 59. From the parties' papers, it appears that there was a breakdown in the meet and confer process as a result of problems communicating via e-mail, and it is unclear whether the parties met and conferred in person. The Court directs the parties to the Court's Standing Order, which states, "The parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer." Counsel shall ensure that they comply with the Standing Order with regard to any future discovery disputes.

The first discovery dispute concerns the inventory of "Tango Team boxes" that Officer Saunders referred to in his declaration. Plaintiff states that defendants are relying on Officer Saunders' declaration to support their claim that no Oakland police officer shot plaintiff on October 25, 2011, because the Oakland Police Department used only green marking beanbag rounds on that date and plaintiff's hat, which he was wearing at the time he was shot, contained no green dye. Defendant City of Oakland states that it has not been able to locate the written inventory, that defense counsel has been attempting to contact Officer Saunders to obtain the inventory, and that the City will provide any inventory that exists.

The Court directs the City to continue these efforts to locate and produce the inventory, and if the inventory cannot be located, to engage in a further in person meet and confer with plaintiff's counsel regarding this issue.

The second dispute relates to plaintiff's request for all Internal Affairs and Oakland Police Department Criminal Investigation Division investigations relating to the Occupy Oakland events on October 25, 2011, and not just the investigations that focused specifically on plaintiff. Plaintiff asserts that he needs this discovery in order to rebut defendants' claim that plaintiff was not shot by an Oakland police officer. Defendants respond that this request is overbroad and seeks irrelevant information because the October 25, 2011 Occupy Oakland events began in the early morning hours with the removal of the Occupy camp and continued throughout the day and into the evening at various locations throughout downtown Oakland, and involved hundreds of officers and resulted in hundreds of complaints. Defendants also asserts that this request is premature and unnecessary because plaintiff has not taken any depositions in this case, including of the five police officers who could have fired a beanbag round that struck plaintiff. The Court finds that plaintiff's request – narrowed to those investigations involving the firing of beanbag rounds – is reasonably calculated to lead to evidence relevant to plaintiff's claims, and directs the City to produce that subset of investigations. If, after production of investigations involving the firing of beanbag rounds, plaintiff contends that he needs additional discovery regarding other investigations, the parties shall engage in a further in person meet and confer.

The third dispute concerns the production of PowerPoint beanbag munition training presentations. Plaintiff asserts that the two copies produced by the City have missing data; the City states that plaintiff now has the complete PowerPoint presentations. If plaintiff still contends that the PowerPoint presentations are incomplete, the parties are directed to engage in a further in person meet and confer regarding this issue.

Fourth, plaintiff seeks samples of both the "marking and non-marking beanbag rounds of the type in the inventory of the OPD on October 25, 2011, including the packaging that they were delivered to in the OPD." Plaintiff states that he needs to obtain samples of these munitions so that plaintiff's out-of-state expert ballistics consultant can examine and perform tests on them. The City responds that it

2

declines for public safety reasons to provide live law enforcement ammunition to plaintiff, and that it has offered to allow plaintiff's counsel and experts to inspect the rounds at the Police Department, and would consider allowing observation of demonstration firing if that is desired. The Court finds that defendant's position is sensible, and directs the parties to cooperate regarding permitting plaintiff's counsel and experts to inspect the beanbag rounds and packaging at the Police Department, observe a demonstration firing if desired, and to allow plaintiff's experts to perform tests at the Police Department if feasible. If it is not feasible for plaintiff's expert to perform tests at the Police Department, the parties are directed to engage in and in person meet and confer to discuss alternative testing options and locations.

Finally, plaintiff seeks a paper copy of the electronic files produced by the City because many of the electronic files are corrupt, blank, or lack content. Plaintiff states that his counsel spent a considerable amount of time reviewing the electronic files and found numerous problems with them. Plaintiff's counsel states that rather than continue to expend time specifically identify each defective file, plaintiff has requested that the City print and Bates stamp the files in paper form to resolve the issue and to ensure that plaintiff has been provided with all of the materials the City claims it has produced. The City responds that it has offered, and offers again, to provide paper copies of any non-video electronic documents plaintiff claims are unreadable, and if plaintiff now contends that he cannot determine what documents are unreadable, defendant will provide paper copies of all non-video documents at plaintiff's cost. The Court finds defendant's position unreasonable because it is defendant's obligation to produce electronic documents in a "reasonably usable form." Federal Rule of Civil Procedure 34(b)(E)(ii). The Court directs defendant to do one of the following (1) reproduce the electronic files and ensure that those electronic files are readable and complete, (2) review the already-produced electronic files and determine which files are defective and produce paper copies for those defective files, or (3) provide paper copies of all of the electronically produced files at defendant's cost.

///

This order resolves Docket No. 54.

**IT IS SO ORDERED.**

Dated: October 28, 2013

SUSAN ILLSTON
United States District Judge