JAMES B. CHANIN, (SBN 76043)
JULIE M. HOUK, (SBN NO. 114968)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California  94705
Telephone:     510.848.4752. Ex. 2
Facsimile:     510.848.5819
Email:  jbcofc@aol.com
Email: juliemhouk@aol.com

RACHEL LEDERMAN (SBN 130192)
Rachel Lederman & Alexis C. Beach
Attorneys at Law
558 Capp Street
San Francisco, CA  94110
Telephone:    415.282.9300
Facsimile:    415.285.5066
Email:  rlederman@beachledermanlaw.com

Attorneys for Plaintiff
Scott Olsen

IT IS SO ORDERED
Judge Susan Illston

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT OLSEN,<br><br>           Plaintiff,<br>     vs.<br><br>CITY OF OAKLAND, et al.,<br><br>           Defendants. | CASE NO. 3:12-CV-6333 SI<br><br>**JOINT STATEMENT RE: STATUS OF DISCOVERY ISSUES IN RESPONSE TO COURT'S MINUTE ORDER FILED DECEMBER 18, 2013 [DKT NO. 74]** |

Since the December 18, 2013 Case Management Conference, counsel for the parties have been working cooperatively in an effort to resolve the outstanding issues relating to Plaintiff's discovery requests to the City of Oakland defendants and to Defendant Roche.  These efforts have included many hours spent by Plaintiff's counsel and members of their staff reviewing evidence an and files on site at the City of Oakland Police Department.

Defendant City of Oakland has now acknowledged in discovery responses that it is unable to locate the "inventory" of alleged munitions, including bean bag rounds, that OPD Officer C. Saunders claimed in a December 18, 2012 sworn declaration was distributed to Tango Team leaders assigned to the subject incident and states that the inventory was presumably lost or destroyed. Counsel for Defendant Roche stated on January 15, 2014, however, that he has not admitted that the inventory either does not exist or was lost.  Nevertheless counsel for Defendant Roche has neither produced a copy of the inventory, nor shed any light on its whereabouts or what happened to it, despite the fact that 1) this case has been pending since December 13, 2012; 2) the inventory was never produced in Defendants' initial disclosures or in any supplemental disclosures;  3) the parties specifically discussed the need for resolving the issues relating to this alleged inventory at the December 18, 2013 Case Management Conference  by no later than January 15, 2014; and, 4) the parties have agreed to a deposition schedule that is scheduled to begin on March 21, 2014 through May 15, 2014, that includes the depositions of Defendant Roche, Officer Saunders and numerous other members of the OPD and City officials.  Therefore, Plaintiff requests that unless Defendant Roche admits that the inventory does not exist or has been lost, he should produce any and all evidence supporting his contention that it does exist by no later than February 21, 2014.  Otherwise, Plaintiff will request that the Court issue an Order precluding the introduction of any alleged written inventory at trial.

{SR131396.DOC}
Joint Statement re Status of Discovery Disputes
Olsen v. City of Oakland, et al., Case No. 3:12-CV-6333 SI          1

Efforts are ongoing to locate additional documents and tangible materials sought by Plaintiff from Defendants.  These efforts are described below:

1.  The City of Oakland has agreed to produce copies of the documents and tangible materials supplied by the City of Oakland and/or Oakland Police Department to the Frazier Group in connection with the Frazier Group's  investigation of the Occupy Oakland events on October 25, 2011.  However, counsel for the City of Oakland has been advised that a hard drive on which these materials were uploaded has been "wiped" and that it no longer contains the materials provided to the Frazier Group by the City and OPD.  Counsel for the City of Oakland has agreed to make further inquiries in an effort to obtain these materials and will produce them to Plaintiff, if located.  These efforts shall include counsel for the City of Oakland making diligent inquiries with the Frazier Group to ascertain whether it retained copies of the materials the City and/or OPD supplied to it during the course of its investigation and, if so, to make arrangements to obtain copies of the same from the Frazier Group.

2.  Counsel for the City of Oakland is continuing to endeavor to ascertain whether there are more complete copies of the police communications recordings from the Occupy Oakland events on October 25, 2011 and, if so, will produce the same to Plaintiff.

3.  Counsel for the City of Oakland has agreed to produce sample targets used by the OPD in the "less lethal" munitions training of OPD officers and a photograph of a "dummy" used in said training.  Counsel for the City of Oakland expects to produce said targets and photograph by January 17, 2014

4.  Counsel for the City of Oakland has agreed to produce copies of the "handouts" that are referred in lessons plans produced by the City relating to the training provided to OPD officers on the use of "less lethal" munitions, including bean bag munitions, and to produce copies of the same to Plaintiff.

{SR131396.DOC}
Joint Statement re Status of Discovery Disputes
Olsen v. City of Oakland, et al., Case No. 3:12-CV-6333 SI          2

5. Counsel for the City of Oakland has made an effort to ascertain whether there are "key card" records which would identify who accessed the OPD location(s) where less lethal munitions were stored at and prior to the time of the subject incident.  However, since those records only retain information about the last 25 entries, the City of Oakland has represented in discovery responses that no records concerning entries made in 2011 continue to exist.

6. Pursuant to the Court's previous Order compelling the City of Oakland to produce discovery relating to complaints relating to the use of bean bag munitions on October 25, 2011 (other than Scott Olsen's complaint), the City produced, among other records, Internal Affairs File No.  11-1173.  However, Plaintiff's counsel discovered that a number of audio taped statements, including statements by Defendants Roche and Holmgren and other OPD officers present during the subject incident (Officers T. Martin, Leite and Sotto) were missing or incomplete. Counsel for the City of Oakland has agreed to make efforts to obtain complete copies of said interviews, including, but not limited to, by making inquiries with the OPD, the external I/A investigator and OPOA counsel for the officers.  In the event that Defendants' counsels' efforts in obtaining these statements as described herein are unsuccessful, they will not oppose Plaintiff subpoenaing the same from third parties.

7. Counsel for the City of Oakland has agreed to produce copies of the duty rosters for OPD Officers D. Burke and C. Saunders for the two weeks prior to, and including, October 25, 2011.

8. Counsel for the City of Oakland has agreed to provide a further response identifying specifically the "less lethal" munitions training materials that OPD Officer D. Burke accessed on the Defense Technologies website, as well as, any other training materials issued by Defense Technologies relating to "less lethal" munitions that are in the possession, custody and/or control of the City of Oakland.

9. Counsel for the City of Oakland is endeavoring to identify and produce all electronic communications (including emails, computer transmissions and/or other electronic communications)

{SR131396.DOC}
Joint Statement re Status of Discovery Disputes
Olsen v. City of Oakland, et al., Case No. 3:12-CV-6333 SI          3

between the Defendants, members of the Tango Teams involved in the subject incident. and OPD investigators (including Sgt. Rullamas and Van Sloten) between October 25 and October 27, 2011, that are in the possession, custody and/or control of the City of Oakland and/or OPD.  The parties have agreed to reserve for the present time whether the Defendants and members of the OPD should be compelled to produce evidence relating to their personal cell phone and/or electronic devices and may revisit the issue in the event that further evidence is developed at deposition and/or elsewhere that communications on said personal devices occurred and/or are discoverable.

      10.  Plaintiff's counsel have also been meeting and conferring with counsel representing Defendant Roche with respect to issues relating to Defendant Roche's responses to Plaintiff's discovery requests.  Counsel for Defendant Roche has agreed to provide supplemental responses by January 31, 2014.

      11.  Plaintiff's counsel are continuing to review the documents and other electronic data that was produced by the City of Oakland since the previous Case Management Conference and will attempt to resolve any additional discovery issues relating to that discovery informally with defense counsel.  If informal efforts to resolve any such disputes are not successful, the parties will bring those issues to the attention of the Court at a later time.

      12  On January 15, 2014, Plaintiff's counsel and members of their staff reviewed additional documents and materials at the OPD Crime Lab and Criminalistics Division.  Plaintiff's counsel discovered additional materials that were not previously produced to them in the OPD's Criminal Investigation Division's (CID) investigation files concerning Mr. Olsen's incident. Counsel for the City of Oakland agreed to copy and produce said additional materials to Plaintiff's counsel, including portions of the CID filed not previously produced and handwritten notes.  Counsel for the City of Oakland also confirmed that while a demonstration video of some of the munitions used by the OPD

{SR131396.DOC}
Joint Statement re Status of Discovery Disputes
Olsen v. City of Oakland, et al., Case No. 3:12-CV-6333 SI    4

was made at the Concord range, the OPD did not make a demonstration video of the drag stabilized bean bag rounds.

13. Counsel for the City of Oakland has also agreed to make additional inquiries about the status of an undated "Training Division Policy and Procedures for Tango Team Munitions Inventory" that was produced by the City of Oakland in response to Plaintiff's Third Set of Requests for Production of Documents, Request Nos. 20 and 34, and to advise Plaintiff's counsel whether the policy had ever been finally adopted and, if so, when it was adopted. Counsel for the City of Oakland has also agreed to produce copies of recent revisions to the Specialty Impact Munitions and Crowd Control Policies to Plaintiff's counsel.

14. Plaintiffs have ongoing concerns about the incomplete nature of the Defendants' disclosures heretofore and the substantial delays, time and expense that have been incurred in attempting to resolve issues informally heretofore. This is particularly true since many of the late or incomplete disclosures relate to discovery extremely relevant to Plaintiff's claims and/or to issues that the Defendants have raised in their defense, including, but not limited to, missing recorded statements of individual defendants and witness officers and other relevant evidence. However, since the parties are continuing their efforts to resolve these issues informally, the parties have agreed to jointly request that the Court continue *the discovery compliance date to February 21, 2014, so that a final effort can be made to resolve these discovery issues informally.

Dated: January 15, 2014          _____/S/_____
                                  James B. Chanin, Attorney for Plaintiff

Dated: January 15, 2014          _____/S/_____
                                  William E. Simmons, Attorney for City of Oakland Defendants

Dated: January 15, 2014          _____/S/_____
                                  John Verber, Attorney for Defendant Robert Roche

{SR131396.DOC}
Joint Statement re Status of Discovery Disputes
Olsen v. City of Oakland, et al., Case No. 3:12-CV-6333 SI          5